TRUEMAN
vs
BERRY.

---

CHANCERY.

*Case* 119.

*June 26.*

The case stated.

## Trueman *vs* Berry.

### ERROR TO THE MEADE CIRCUIT.

*Supersedeas. Executors.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is a suit in chancery, instituted by Berry, to recover back money from Trueman, collected by the Sher-

iff, upon an execution on a judgment at law, which had been injoined and the injunction erroneously dissolved by the decree of the Circuit Court, and that decree afterwards reversed by this Court.

The decree in favor of the complainants, we think, cannot be sustained.

1st. It is certainly to be questioned whether a Court of Equity has jurisdiction in the case. But if the jurisdiction be conceded:

2d. It appears that the money collected was in the hands of the Sheriff at the time of the service of the supersedeas from this Court, and no part of it, except the amount which has been recovered back, has ever been paid over by the Sheriff to Trueman. It was the duty of the Sheriff, upon the service of the supersedeas from this Court, to refund to Berry the money which he had collected, and Berry had the same remedy against him and his sureties, to coerce restitution, by the statute, (1 *Stat. Laws*, 648,) as plaintiffs have to coerce the payment of money collected by a Sheriff on execution. It being the legal duty of the Sheriff to refund the money collected and remaining in his hands, at the service of the supersedeas; Trueman, the plaintiff in the execution, had no legal right or power to coerce the payment to himself, and never having received the same, he is not responsible to Berry, who can alone look to the Sheriff and his sureties for restitution.

The decree of the Circuit Court is, therefore, reversed, and cause remanded, that the complainants bill may be dismissed.

*Cates & Lindsey* for plaintiff: *Grigsby* for defendant.

It is the duty of a Sheriff who has collected money upon execution which is superseded, to refund the money to the defendant. If he fails to do so he is responsible at law. The plaintiff who had not received it, is not responsible to defendant in the execution, upon a reversal of the judgment on which it was collected.